UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**GEORGE WILFRED MALLUM III,**
   **Plaintiff,**

 v.               Case No. 16-CV-1190

**WISCONSIN LABORERS' HEALTH FUND,
WISCONSIN DEPARTMENT OF WORKFORCE
DEVELOPMENT, STATE OF WISCONSIN, and
AARON A. KONKOL,**
   **Defendants.**

---

### DECISION AND ORDER

George Mallum brings this action under 42 U.S.C. § 1983, alleging that defendants violated his Fourteenth Amendment due process rights during worker's compensation proceedings before the Wisconsin Department of Workforce Development (DWD). Before me now are defendants' motions to dismiss and various motions concerning, among other things, discovery and service of process.

### I. BACKGROUND

When a Wisconsin worker is injured or disabled on the job, he may recover reasonable medical expenses and compensation for lost wages from his employer. Mallum sought such worker's compensation benefits from two employers, but his employers disputed his claims, so he brought them before DWD, the state agency authorized to adjudicate such disputes. Aaron Konkol, a DWD administrative law judge, presided over the dispute.

Wisconsin Laborers' Heath Fund (WLHF) notified the parties that it had paid certain medical expenses related to Mallum's worker's compensation claims and

1

asserted a right to reimbursement for those payments. Konkol, in an email to the parties, described DWD's authority to order direct reimbursement out of worker's compensation benefits for certain payments by an insurer, directed Mallum's attorney to work with WLHF's attorney to determine whether and to what extent WLHF was entitled to reimbursement, and indicated that he would not approve a "compromise agreement" between the parties while WLHF's claim was in dispute. A compromise agreement is a specific type of agreement that parties to worker's compensation proceedings can submit if they prefer to settle without a hearing. *See generally Worker's Compensation Guide*, State of Wis. Dep't of Workforce Dev., https://dwd.wisconsin.gov/dwd/publications/wc/WKC-7580.htm (last updated Apr. 1, 2015).

About ten months later, Mallum, his attorney, and his employers signed a limited compromise agreement. Mallum agreed to relieve his employers of liability for past medical expenses, and in exchange, his employers agreed to pay a total of $190,000, of which they would pay $40,000 directly to WLHF. Later that week, Konkol approved the terms of the compromise agreement in an order.

## II. DISCUSSION

Mallum sued Konkol, WLHF, DWD, and the State of Wisconsin in this court. He alleges that Konkol peremptorily ruled, in his email, that WLHF was entitled to reimbursement and finalized that ruling when he ordered direct payment to WLHF according to the compromise agreement. He further alleges that WLHF wantonly, willfully, and maliciously interfered in his worker's compensation proceedings in violation of state law. Though the scope of his claims is not entirely clear, his central claim seems to be that, despite his requests for a hearing, he was never provided with an appropriate

2

opportunity to dispute WLHF's claim and, therefore, was deprived of $40,000 worth of worker's compensation benefits without due process of law.

### A. Motions to Dismiss

The state defendants (Konkol, DWD, and Wisconsin) and WLHF separately move to dismiss, raising many grounds for dismissal, including sovereign and judicial immunity, the *Rooker–Feldman* doctrine, and issue and claim preclusion. I need not consider every basis for dismissal that they raise because Mallum's complaint clearly "fails to state a claim on which relief may be granted" and "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii). Defendants raise and the parties have fully argued both of these grounds for dismissal. To the extent that the complaint raises claims that do not fall within the scope of § 1915(e)(2)(B), they are beyond the subject-matter jurisdiction of this court.

**1. Failure to State a Claim**

To state a cognizable claim under § 1983, a plaintiff must plausibly allege that he was deprived of a federal constitutional or statutory right by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a valid due process claim under the Fourteenth Amendment, a plaintiff must plausibly allege that the state deprived him of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1.

First, states, state agencies, and state officials in their official capacity are not "persons" within the meaning of § 1983 and cannot be sued for damages under that

law. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 62–71 (1989). Thus, Mallum fails to state a § 1983 claim against Wisconsin, DWD, or Konkol in his official capacity.

Second, private actors are generally not subject to suit under § 1983 for alleged violations of the Fourteenth Amendment, which only protects citizens from state action. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009). A private actor can be sued for a due process violation if its "private conduct takes on the color of law," but that only happens in limited circumstances, none of which are present here. *See id.* at 815–16 (collecting cases). Mallum suggests that WLHF acted under color of state law because it "conspire[d] or . . . jointly engaged with state actors to deprive [him] of constitutional rights." *Id.* at 815 (citing *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980)). However, to state such a claim, a plaintiff must allege that there was "an understanding, or some concerted effort or plan, to cause [him] harm or injury." 1 Sheldon H. Nahmod, *Civil Rights and Civil Liberties Litigation* § 2:22, Westlaw Next (Updated Sept. 2016) (footnotes omitted) (citing *Moore v. Marketplace Rest., Inc.*, 754 F.2d 1336 (7th Cir. 1985); *Bendiburg v. Dempsey*, 909 F.2d 463, 469 (11th Cir. 1990)). Mallum does not plausibly allege that WLHF did anything more than openly assert in public proceedings its right to reimbursement under state law, which does not make it a co-conspirator or joint actor in any sense. *Cf. Dennis*, 449 U.S. at 28 ("[M]erely resorting to the courts . . . does not make a party a co-conspirator or a joint actor with the judge."). Thus, Mallum fails to state a § 1983 claim against WLHF.

Third, Mallum fails to plausibly allege that the state deprived him of either property or due process. Mallum's complaint, Konkol's email and order (which Mallum attached, in relevant part, to his complaint), and the limited compromise agreement

4

(which is referred to in the complaint and Konkol's order and is central to Mallum's claims) clearly show that Mallum chose to settle his dispute with his employers and did so by signing an agreement that provides, in part, for direct payment to WLHF out of settlement funds that otherwise would have been paid to Mallum. The agreement also clearly states that Mallum chose to settle in lieu of a hearing before DWD and that DWD could enter an order approving the agreement without further notice to the parties. Having voluntarily waived his right to recover the benefits paid directly to WLHF and his right to a hearing, he cannot now claim that the state deprived him of property without due process. *See Fleury v. Clayton*, 847 F.2d 1229, 1233 (7th Cir. 1988). Thus, Mallum fails to plausibly allege that he was deprived of a federal constitutional or statutory right.

## 2. Judicial Immunity

Even assuming Mallum has somehow stated a cognizable § 1983 claim, the only defendant subject to suit for damages, Konkol in his individual capacity, is immune from suit under the circumstances. A state official acting in a judicial or quasijudicial capacity is not subject to suit for his judicial acts, no matter how egregious or procedurally erroneous those acts may be, unless he "acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872)); *see also, e.g.*, *Forrester v. White*, 484 U.S. 219, 225, 227 (1988); *Wilson v. Kelkhoff*, 86 F.3d 1438, 1443 (7th Cir. 1996) (citing *Butz v. Economou*, 438 U.S. 478, 513 (1978)). The acts for which Mallum seeks damages, Konkol's rulings, orders, and case-management directions, were clearly judicial in nature and within the scope of DWD's jurisdiction, so Konkol is immune from suit for them.

Mallum concedes as much but asks me to permit discovery anyway, arguing that he needs to develop the factual record in order to challenge the current scope of judicial immunity on appeal. Discovery would directly undermine the purpose of judicial immunity, shielding officials from "vexatious actions prosecuted by disgruntled litigants." *Forrester*, 484 U.S. at 225 (citing *Bradley*, 80 U.S. at 348). I cannot and will not allow it.

### 3. Lack of Jurisdiction

Mallum's complaint clearly states that he brings this action under § 1983, but he vaguely alludes in a later motion to state-law claims against WLHF. *See* Docket No. 25, at 2. Given that I must dismiss his federal claims, I can only exercise jurisdiction over whatever state-law claims he may have if there is an independent basis for federal subject-matter jurisdiction over those claims. The only applicable basis for such jurisdiction is diversity of citizenship. 28 U.S.C. § 1332(a). However, Mallum's complaint does not plausibly suggest that the parties are diverse, and his civil cover sheet clearly states that they are not, Docket No. 1-1, at 1. Also, the alleged amount in controversy is only $40,000, well below the jurisdictional requirement for diversity jurisdiction. § 1332(a). Thus, I lack jurisdiction over these claims and must dismiss them too.

### B. Discovery Motions

There are several pending motions concerning discovery. Broadly, Mallum seeks to compel discovery, while the state defendants seek a protective order staying it, at least until the pending motions to dismiss are resolved. For the reasons discussed above, I must dismiss Mallum's complaint and will dismiss this action. Dismissal moots these motions, and I will deny them accordingly.

### C. Motion to Strike

Mallum moves to strike part of WLHF's brief in support of its motion to dismiss, arguing that it improperly adopts arguments raised by the state defendants in another brief. I can "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f), but a brief is not a pleading, see Fed. R. Civ. P. 7(a), and WLHF's brief does not contain anything redundant, immaterial, impertinent, or scandalous. Thus, I will deny this motion.

### D. Failure to Waive Service

Finally, Mallum moves for expenses incurred due to WLHF's failure to waive service of process. Fed. R. Civ. P. 4(d)(2). WLHF "ha[d] a duty to avoid unnecessary expenses of serving the summons," Fed. R. Civ. P. 4(d)(1), so if it failed "without good cause" to waive service at Mallum's request, Fed. R. Civ. P. 4(d)(2), I must impose on it "those costs that could have been avoided if [it] had cooperated reasonably in the manner prescribed," Fed. R. Civ. P. 4 advisory committee notes to 1993 amendment.

WLHF does not argue that it had cause for its failure to waive service. It notes various technical defects in Mallum's waiver notice and request—e.g., that it was addressed to WLHF rather than to an officer or agent authorized to receive service of process, see Fed. R. Civ. P. 4(d)(1)(A)(ii)—but it does not argue that it failed to waive service because of these defects or that these defects in any way affected its ability to reasonably cooperate with Mallum's effort to minimize the costs of service.

Thus, I will grant Mallum's motion and impose on WLHF "the expenses later incurred in making service" ($57.28, Docket No. 17-1, at 4) and "the reasonable expenses, including attorney's fees, of" this motion, which Mallum filed "to collect those

7

service expenses." Fed. R. Civ. P. 4(d)(2)(A)–(B). Mallum may, no later than 10 days after entry of this order, submit proof of such expenses. WLHF may, no later than 10 days after receiving service of Mallum's submission, dispute the expenses.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendants' motions to dismiss (Docket Nos. 4, 10) are **GRANTED** as described above. For the reasons stated, this action is **DISMISSED**. The Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Mallum's motion to dismiss or adjourn the state defendants' motion to dismiss and set a scheduling conference (Docket No. 8), the state defendants' motion for a protective order (Docket No. 27), and Mallum's motions to compel deposition testimony (Docket Nos. 29, 38) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Mallum's motion to strike (Docket No. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that Mallum's Rule 4(d)(2) motion for service-related expenses (Docket No. 17) is **GRANTED** as described above.

**IT IS FURTHER ORDERED** that WLHF's unopposed motion to correct two docketing errors (Docket No. 22) is **GRANTED**. The Clerk of Court shall update the docket accordingly.

Dated at Milwaukee, Wisconsin, this 3rd day of May, 2017.

                                                s/ Lynn Adelman
                                                LYNN ADELMAN
                                                District Judge